## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

FILED

DS4

1 2009 DEC 23 1 P 12: 41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

MABEL L. WOLFORD,

    Plaintiff,

v.

ACCELERATED RECEIVABLES
MANAGEMENT SOLUTIONS, LLC,

    Defendant.

_____/

CASE NO.

3:09-cv-1272-4-25TEM

## COMPLAINT

COMES NOW the Plaintiff, MABEL L. WOLFORD ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, ACCELERATED RECEIVABLES MANAGEMENT SOLUTIONS, LLC, ("Defendant') alleges and affirmatively states as follows:

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.    Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.    Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

VERIFIED COMPLAINT           1

## PARTIES

6.      Plaintiff is a natural person who resides in the City of Ponte Vedra Beach, County of St. Johns, State of Florida.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with its business office in the City of Jacksonville, County of Duval, State of Florida.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.     Defendant spoke to Plaintiff in a rude and abusive manner.

13.     Defendant told Plaintiff that it would kick Plaintiff's door in if Plaintiff did not pay her alleged debt.

14.     Defendant communicated to a third party, Plaintiff's son, that Plaintiff allegedly owes a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a)      Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's

son and stating that Plaintiff owes a debt.

b)      Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's son in connection with the collection of Plaintiff's debt.

c)      Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

d)      Defendant violated *§1692d(1)* of the FDCPA by using a threat of violence to harm Plaintiff's property in connection with the collection of Plaintiff's debt.

e)      Defendant violated *§1692d(2)* of the FDCPA by using abusive language when speaking to Plaintiff by stating that Defendant would kick Plaintiff's door in if she did not pay her alleged debt.

f)      Defendant violated *§1692e(5)* of the FDCPA by threatening to kick Plaintiff's door in if she did not pay her alleged debt when such action cannot legally be taken and Defendant does not intend to do so.

g)      Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to kick Plaintiff's door in if she did not pay her alleged debt when such action cannot legally be taken and Defendant does not intend to do so.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

16. Declaratory judgment that Defendant's conduct violated the Federal Act, FDCPA.

17. Actual damages.

18. Statutory damages of $1000.00 pursuant to the Federal Act, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By:   /s/Matthew Kiverts
      Matthew Kiverts
      Krohn & Moss, Ltd
      120 W Madison St, 10th Floor
      Chicago, IL 60602
      Phone:  (312) 578-9428 ext. 203
      Fax:    (866) 431-5576
      Attorney for Plaintiff
      FBN: 0013143

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MABEL L. WOLFORD, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

       Plaintiff, MABEL L. WOLFORD, says as follows:

1.    I am the Plaintiff in this civil proceeding.
2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.    I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.    Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

       Pursuant to 28 U.S.C. § 1746(2), I, MABEL L. WOLFORD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11-25-09

                              _Mabel S Wolford_
                              MABEL L. WOLFORD,
                              Plaintiff